ACCELERATED
 OPINION
This is an accelerated calendar case submitted to this court on the brief of appellant, Ronald J. Memmer. Appellee, State of Ohio, has not filed a brief.
Appellant appeals his conviction in the Warren Municipal Court on one count of failing to comply with an order or signal of a police officer in violation of R.C. 2921.331. For the reasons that follow, we affirm appellant's conviction.
The following facts are relevant to a determination of this appeal. On July 6, 1997, Officer Michael Krafcik, a "canine" officer employed by the Warren City Police Department, was on routine patrol in a fully marked police cruiser. As part of the canine unit, he was wearing a "tactical uniform" which was worn by all canine officers on a daily basis. It consisted of black pants, black boots, a black polo shirt with a large silk-screened insignia on the back stating "Warren Police Canine" and two smaller silk-screened insignias on the front, one again stating "Warren Police Canine" and the other being a design that looked like a police badge. The uniform did not include a hat.
Officer Krafcik observed appellant on a motorcycle at the intersection of North Park and Monroe. Appellant was talking to an individual who was walking on the sidewalk. Officer Krafcik recognized the pedestrian as a transvestite prostitute who frequently solicited business in that area. As Officer Krafcik pulled up behind appellant, appellant turned and looked back at the officer, then appellant proceeded forward and ran a stop sign. Appellant then made an illegal U-turn, at which point Officer Krafcik activated his overhead lights and followed appellant. Appellant proceeded at a high rate of speed westbound to Mahoning Avenue and then northbound on Mahoning. Officer Krafcik eventually activated his siren and continued to chase appellant. After almost losing control of his motorcycle, appellant turned right onto Hall Avenue where he pulled over to the side and stopped. At that point, appellant identified himself as a Mahoning County Sheriff's Deputy.
Appellant was arrested and charged with a stop sign violation, making an illegal U-turn, and failing to comply with an order of a police officer. The present case involves only the failure to comply charge which proceeded to a jury trial on May 14, 1998. Officer Krafcik was the sole witness at trial. At the conclusion of the trial, appellant was found guilty. He was sentenced to ten days in jail with all ten days being suspended, and fined $500. Appellant timely filed a notice of appeal.
Appellant has set forth a single assignment of error. He contends that the trial court erred by ruling that Officer Krafcik was competent to testify. It is appellant's argument that based upon Evid.R. 601(C), R.C. 4549.15 and R.C. 4549.16, Officer Krafcik was not competent to be a witness because he was not wearing a distinctive police uniform at the time he stopped appellant.
R.C. 4549.15 provides:
 "Every member of the state highway patrol and every other peace officer, while such officer is on duty for the exclusive or main purpose of enforcing motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, shall wear a distinctive uniform. The superintendent of the patrol shall specify what constitutes such a distinctive uniform for the state highway patrol." (Emphasis added.)
R.C. 4549.16 provides:
 "Any officer arresting, or participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, such officer being on duty exclusively or for the main purpose of enforcing such laws
is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was not wearing a distinctive uniform in accordance with section 4549.15 of the Revised Code." (Emphasis added.)
Evid.R. 601 states, in relevant part:
"Every person is competent to be a witness except:
"* * *
 "(C) An officer, while on duty for the exclusive or main purpose of enforcing traffic laws, arresting or assisting in the arrest of a person charged with a traffic violation punishable as a misdemeanor where the officer at the time of the arrest was not using a properly marked motor vehicle as defined by statute or was not wearing a legally distinctive uniform as defined by statute." (Emphasis added.)
It is appellant's contention that black boots, black pants, a black polo shirt, and no hat did not meet the definition of being a distinctive police uniform, and therefore, Officer Krafcik was not competent to testify. In his brief, appellant asserted that "the officer appeared to be making more of a fashion statement than announcing his occupation as a policeman." We disagree.
Nowhere in the relevant statutes or evidentiary rules is the term "distinctive uniform" defined. Ohio Adm. Code 4501:2-5 sets forth what is acceptable for an Ohio Highway Patrol uniform but that would be inapplicable to a Warren City Police Officer. Officer Krafcik testified that the uniform in question is the standard uniform worn by police officers in the canine unit of the Warren City Police Department. They require less maintenance and are better suited for the type of pursuits that canine handlers often end up involved in. We believe the uniform described and worn by Officer Krafcik, while not being a traditional police uniform, still qualifies as being a "distinctive uniform" as that term is used in the Ohio Revised Code and the Rules of Evidence. Additionally, the rule is stated in the disjunctive and it is undisputed that Officer Krafcik was in a properly marked police cruiser. Thus, the trial court properly concluded that Officer Krafcik was competent to testify.
Moreover, both the relevant provisions of the Ohio Revised Code and the Rules of Evidence apply only to officers, while on duty for the exclusive or main purpose of enforcing traffic laws. In the present case, while Officer Krafcik was authorized to stop traffic violators, that was not his exclusive or main purpose. According to the evidence at trial, Officer Krafcik does not even keep a radar device in his patrol car and he is prohibited from responding to a traffic accident as the presence of the dog in his cruiser would be a hindrance at an accident scene.
Accordingly, Officer Krafcik's status as a witness was unaffected by R.C. 4549.15, R.C. 4549.16, or Evid.R. 601(C) because he was not on duty for the exclusive or main purpose of enforcing traffic laws. Appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
___________________________________
JUDGE WILLIAM M. O'NEILL
FORD, P.J., CHRISTLEY, J., concur.